UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          CASE NO. 21-mj-30590

v.

MICHAEL PACTELES,

       Defendant.

_____/

**STIPULATION REGARDING DISCOVERY MATERIALS**

The government has in its possession materials gathered during the investigation of the defendants in this case. These materials include, among other things, law enforcement reports and audio / audio-visual recordings (collectively, the "discovery materials").

The government will provide all discovery materials to defense electronically on encrypted optical disc(s) (e.g., a CD or DVD) or through its secure file-sharing platform (*USAfx*) or through email.

Due to the sensitive nature of the discovery materials, which include confidential materials, the disclosure of which might impact the privacy interest of

1

the defendant and witnesses, the parties hereby agree to the following restrictions on the use and disclosure of the discovery materials:

  a) Undersigned defense counsel will keep custody of the discovery materials and will not make any copies unless otherwise expressly permitted in this stipulated protective order.

  b) Undersigned defense counsel will only allow the following individuals to obtain a copy of the discovery materials: (1) individuals who are employed by and/or work with defense counsel for purposes of preparing the defense in this matter, e.g., paralegals or investigators and (2) the Defendant. Neither the defendant nor any of these other designated individuals will allow for further dissemination. Counsel for the defendant, prior to providing the discovery materials, will inform persons of the disclosure limitations of this stipulation and order.

  c) For any discovery material (such as recordings) that contain information about or from an undercover agent/officer or confidential human source, the government will designate such material(s) by placing them in a file or by otherwise marking the disc or making clear that these materials are "To be Retained by Defense Counsel." For such materials, undersigned defense counsel will only allow <u>viewing and/or listening</u> of these discovery

materials by (1) individuals who are employed by and/or work with defense counsel for purposes of preparing the defense in this matter, e.g., paralegals or investigators and (2) the Defendant.

      d)      In the event that a discovery coordinator is appointed or engaged to assist in this case, the discovery coordinator (and any person assisting or supporting the discovery coordinator) shall be considered as working with defense counsel and all provisions and disclosure limitations herein apply.

      e)      Should the parties wish to attach any discovery materials to any pleading filed with the court, those discovery materials shall be filed under seal. Similarly, identities of confidential informants will not be identified in public pleadings or pretrial hearings without authorization of the court.

      f)      Undersigned defense counsel is permitted to use the discovery materials in court hearings in this matter as necessary to the defense and as otherwise permitted by the Federal Rules of Evidence and Criminal Procedure. To this end, undersigned defense counsel is permitted to make a "hard" or paper copy of the discovery materials if it is necessary in hearings in this matter (e.g., in cross examination) so long as those copies are destroyed at the conclusion of this matter and/or returned to the government.

Within ninety (90) days of the conclusion of the plea or trial (or any direct appeal or post-conviction matters have been resolved), counsel for the defendant, the defendant, and any discovery coordinator appointed or engaged to assist the defendants shall either return all discovery materials to the government, along with all copies thereof or cause such discovery materials to be destroyed.

The defendant's need for the discovery materials outweighs the Privacy Act interests involved, pursuant to 5 U.S.C. § 552a. To the extent that the disclosure of the discovery materials pursuant to this stipulation and order may result in the disclosure of information protected from non-consensual distribution by the Privacy Act, the parties are authorized to disclose such information and shall not be found to have violated the Privacy Act by such disclosures.

So stipulated:

| | |
|---|---|
| s/Steven P. Cares | s/David C. Tholen (w/ consent) |
| Assistant U.S. Attorney | Attorney for Defendant |
| 211 W. Fort Street, Ste. 2001 | 613 Abbott Street, Suite 500 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9139 | (313) 967-5542 |
| Steven.Cares@usdoj.gov | david_tholen@fd.org |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                              CASE NO. 21-mj-30590

v.

MICHAEL PACTELES,

      Defendant.
_____/

## PROTECTIVE ORDER BASED ON PARTIES' STIPULATION

Upon this Court's consideration of the parties' stipulation and for the reasons stated by the parties,

IT IS ORDERED that the pretrial disclosure of the materials identified by the parties' in their stipulation are controlled by the provisions of that agreement, and the government is authorized to disclose the materials as requested.

SO ORDERED.

s/Jonathan J.C. Grey
Hon. Jonathan J.C. Grey
United States Magistrate Judge

Dated: January 5, 2022