United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                        Hon. SEAN F. COX

v.

                                        Case No. 23-20026

Michael Pacteles,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Michael Pacteles, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.  Count of Conviction

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant with bribery concerning programs receiving federal funds under 18 U.S.C. § 666(a).

GOVERNMENT EXHIBIT

2.      **Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 10 years |
|---|---|---|
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |

3.      **Elements of Count of Conviction**

The elements of Count 1 are: (1) The defendant was an agent of a local government; (2) That local government received federal assistance in excess of $10,000 in any one-year period; (3) The defendant accepted or agreed to accept something of value from any person; (4) The defendant acted corruptly, with the intent to be influenced or rewarded in connection with a business, transaction or series of transactions with that local government; and (4) The business, transaction or series of transactions had a total value of $5,000 or more.

4.    **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

From in or about July 2019 through in or about December 2019, defendant Michael Pacteles was an agent of the City of Detroit, Michigan, in that he was employed as a detective for the Detroit Police Department ("DPD").

On July 29, 2019, Pacteles showed up at a tow yard that was used by a confidential source involved in the towing industry ("Tower A"). Pacteles came to the yard in response to a call made by Tower A for someone from DPD to "recover" vehicles. (At DPD, a stolen vehicle is "recovered" when DPD officially documents the vehicle as having been seized. Then, DPD or the tow company makes official notifications to the owner, lien holder, or other interested parties. If there are no interested parties, the vehicle is sold at auction. The tow company can then subtract towing and storage fees from the auction price.) While at the tow yard, Pacteles told Tower A that his daughter needed a car. Tower A responded that he would look for one.

In a later text message, Pacteles explained that he took the cars "out of the system" so Tower A would not have to follow the normal protocol and could sell them (and thereby keep all the profit). Tower A responded that he would look for a car for Pacteles.

In later messages, Tower A asked Pacteles to "look something up" for him. Pacteles responded that he would. In an in-person meeting, Tower A asked Pacteles to find out information on certain vehicles. Pacteles agreed to "run" them. So long as he did "little things" like that, Tower A explained, Pacteles would not "owe" anything for the vehicle. Pacteles agreed.

Tower A later sent a text message with a vehicle license plate number and asked Pacteles to find out information about it for him. Pacteles responded that he "had someone run it," that it was for "a rental car company." So Tower A didn't need to be concerned that it was the police.

A few weeks later, Tower A and an undercover agent (the "UC") gave Pacteles a Chevrolet Impala (with other fees and costs, a value of $4,424) and $800 in cash for insurance on the vehicle.

A few months later, Pacteles asked Tower A for more money. Tower A agreed based on the "favors" that Pacteles had already done and a promise to "help" in the future. Pacteles agreed. A few days later, on behalf of Tower A, the UC gave Pacteles $2,000 in cash. A week after that, Tower A gave Pacteles $500 more in cash.

When Pacteles accepted the series of controlled bribes from Tower A and the UC, he acted with the intent to be influenced and rewarded in connection with his duties as a detective with DPD. Pacteles agrees that the business, transactions, or series of transactions involves a total value of $5,000 or more. Pacteles also agrees that in the calendar year 2019, the City of Detroit received in excess of $10,000 in federal assistance.

**5.    Advice of Rights**

The defendant has read the charging document, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

**6.    Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction

here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

7.    **Defendant's Guideline Range**

A.    **Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

B.    **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense(s) to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- §  2C1.1(a)(1) – public official taking bribes
- §  2C1.1(b)(2) – two-point increase under § 2B1.1(b)(1)(B) because the amount received was more than $6,500 and less than $15,000
- §  2C1.1(b)(3) – public official in sensitive position

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 8.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment

on Count 1 not exceed the midpoint of the defendant's guideline range as determined by the Court.

### 2.     No Right to Withdraw

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.     Supervised Release

### 1.     Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a one-year term of supervised release.

**2.    No Right to Withdraw**

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation.

The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D.    Fines**

There is no recommendation or agreement as to a fine.

**E.    Restitution**

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 9.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 10.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under

**Page 13 of 17**

28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 11.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 12.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any

statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 13.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 14.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by

the United States or any other party.

**15.    Acceptance of Agreement by Defendant**

        This plea offer expires unless it has been received, fully signed, in

the United States Attorney's Office by 5:00 PM EST on July 22, 2022.

The government may withdraw from this agreement at any time before

the defendant pleads guilty.

                                             Dawn N. Ison
                                           United States Attorney

_____

David A. Gardey
Chief, Public Corruption &
Civil Rights Unit
Assistant United States
Attorney

Dated: 7/19/2022

                                       _____

Steven P. Cares
Assistant United States
Attorney

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

David Tholen
Attorney for Defendant

Dated: 3/24/23

Michael Pacteles
Defendant

Page **17** of **17**